```
                                    U.S. DISTRICT COURT
                                    NORTHERN DISTRICT OF TEXAS
                                          FILED
                                    AUG - 4 2020
       IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF TEXAS    CLERK, U.S. DISTRICT COURT
                 FORT WORTH DIVISION      By_____
                                                Deputy
```

| | |
|---|---|
| TANGO MARINE S.A., | § |
| Plaintiff, | § |
| VS. | § NO. 4:20-CV-042-A |
| ELEPHANT GROUP LIMITED, ET AL., | § |
| Defendants. | § |
| and | § |
| HERITAGE AGRO-ALLIED FOODS INC., ET AL., | § |
| Garnishees. | § |

MEMORANDUM OPINION & ORDER

On July 23, 2020, defendants, Elephant Group Limited and Elephant Group PLC, filed their motion to set aside default. Doc.[1] 46. Having considered the motion, the response by plaintiff, Tango Marine S.A., the record, and the applicable legal authorities, the court finds that such motion should be granted.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

I.

Factual Background

According to plaintiff's complaint, the facts are as follows:

A vessel owned by plaintiff was chartered to carry a cargo of prilled urea owned by defendants from Ukraine to Lagos, Nigeria. Doc. 1 ¶ 15. Plaintiff caused a bill of lading for the cargo to be issued to defendants. Id. Upon its arrival at Lagos on July 18, 2016, the vessel was detained because defendants failed to secure the appropriate license to permit discharge of the cargo. Id. ¶ 17. On January 10, 2019, the vessel was permitted to depart Lagos after being detained for approximately two and a half years. Id. ¶ 18. As a result of the vessel's detention, plaintiff spent over one million dollars in demurrage charges and hundreds of thousands of dollars to maintain and repair the vessel. Id. ¶¶ 19-20.

II.

Procedural Background

On January 16, 2020, plaintiff initiated this breach of contract action. Doc. 1. On April 30, 2020, process was served on defendants. Doc. 30. Defendants did not respond to the complaint, and on May 28, 2020, plaintiff requested entry of default. Doc. 31. On May 29, 2020, the clerk of court entered

default against defendants. Doc. 33. On July 1, 2020, plaintiff moved for default judgment, Doc. 37, and the next day, defendants appeared for the first time, moving for an extension of time to respond to the complaint, Doc. 40. On July 23, 2020, defendants filed their motion to set aside default, Doc. 46, and plaintiff responded on July 30, 2020, Doc. 49.

III.

Applicable Legal Standards

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause . . . ." The primary factors to consider in determining whether good cause exists are (I) "whether the default was willful," (II) "whether setting it aside would prejudice the adversary," and (III) "whether a meritorious defense is presented." Matter of Dierschke, 975 F.2d 181, 183 (5th Cir. 1992). However, the district court need not consider all those factors and may consider other factors as well, including whether default judgment will cause significant financial loss to the defendant. Id. at 184.

"At the outset it is important, however, to recall that courts universally favor trial on the merits and that the decision to set aside a default is committed to the sound discretion of the trial court, a discretion that obviously is

3

not unlimited." Id. at 183 (internal quotation marks and footnotes omitted). "[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment." Id. at 184. In the absence of countervailing equities, such as a demonstration that the plaintiff would be prejudiced should the default be set aside, "any doubt should, as a general proposition, be resolved in favor of [the defendant] to the end of securing a trial upon the merits." Jenkens & Gilchrist v. Groia & Co., 542 F.3d 114, 123 (5th Cir. 2008) (internal quotation marks omitted).

IV.

Analysis

Having considered the relevant factors, the court finds that good cause exists for setting aside the entry of default against defendants.

First, the court does not find that default was willful. Courts use a preponderance of the evidence standard in assessing whether default was willful, and willfulness is not presumed. In re OCA, Inc., 551 F.3d 359, 372 (5th Cir. 2008). Defendants state that they were confused upon being served process because plaintiff had already initiated a London-based arbitration proceeding against them based on the same facts. Doc. 46 ¶ 27.

4

Plaintiff argues that defendants failed to timely appoint an arbitrator for those proceedings and that "[i]t is not plausible that [defendants] truly [were] 'confused' about a proceeding in which [they] did not participate." Doc. 49 at 4. However, the notice of arbitration stated that plaintiff would attempt to proceed with the arbitration even if defendants failed to appoint their own arbitrator. Doc. 46-2. It is plausible that defendants were confused when they received service regarding litigation in Texas if they anticipated arbitration in London to go forward.

Plaintiff also argues that defendants were not confused because defendants' executive director spoke on the telephone with plaintiff's counsel "about this suit" before defendants were served. Doc. 49 at 2. As evidence of this conversation, plaintiff provided a follow-up email that its counsel sent to defendants' executive director. Doc. 49-1. Such email does not mention litigation in the United States nor indicate that the arbitration proceeding is not moving forward. Id.

It is unclear whether defendants understood that this litigation was taking place instead of the arbitration proceeding. Neither the notice of arbitration nor the email resolves such uncertainty. Because "any doubt should, as a general proposition, be resolved in favor of [defendants] to the

5

end of securing a trial upon the merits," Jenkens, 542 F.3d at 123, the court finds that defendants' default was the result of confusion and was not willful.

Second, setting aside the default would not prejudice plaintiff. Plaintiff argues that it will be prejudiced "as it has established liability and would otherwise be able to proceed expeditiously . . . to an assessment of damages, either by default judgment, or by trial on damages." Doc. 49 at 7. However, mere delay does not constitute prejudice. Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000). Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. Plaintiff will not be prejudiced by the setting aside of the default.

Third, defendants have presented a potentially meritorious defense. When the court considers this factor, a "defense is measured not by whether there is a likelihood that it will carry the day," but rather whether there is "some possibility that the outcome of the suit . . . will be contrary to the result achieved by the default." Jenkens, 542 F.3d at 122 (internal quotation marks and citations omitted). Defendants assert, inter alia, that (I) no valid contract existed between the parties because defendants never assented and no consideration

6

was exchanged, and (II) plaintiff's complaint fails to comply with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Doc. 46 ¶¶ 32-38. Such defenses have the potential to carry the day.

Finally, defendants are at risk of a substantial financial loss. See Dierschke, 975 F.2d at 184. Plaintiff seeks damages, attorney's fees, and costs of court totaling over four million dollars. Doc. 38 at 1.

The court notes that defendants, through their failure to answer, caused plaintiff to spend money pursuing entry of default and default judgment. In exercising its discretion to set aside an entry of default, the court has inherent power to impose conditions, including the payment of reasonable attorney's fees and costs plaintiff incurred because of the default. Coon v. Grenier, 867 F.2d 73, 79 (1st Cir. 1989); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988); Wokan v. Alladin Int'l Inc., 485 F.2d 1232, 1234 (3d Cir. 1973). Such reimbursement is warranted here. After determining the total expenditure made by plaintiff because of defendants' default, the court will consider ordering defendants to pay a reasonable amount to plaintiff by a certain date. Failure by defendants to timely make such payment may result in the imposition of

/

sanctions, including the entry of default and granting of default judgment, without further notice.

V.

Order

Therefore,

The court ORDERS that defendants' motion to set aside the default be, and is hereby, granted, and that the entry of default against defendants in this action be, and is hereby, set aside.

The court further ORDERS that by 4:00 p.m. on August 11, 2020, plaintiff file a document, supported by affidavit or declaration, explaining the calculation of attorney's fees and costs it incurred as a result of defendants' default, and that by 4:00 p.m. on August 18, 2020, defendants file a response stating either (I) objections they have to such document or (II) that they do not have any such objections.

The court further ORDERS that defendants' motion for extension of time to file a responsive pleading be, and is hereby, granted, and that by 4:00 p.m. on August 18, 2020, defendants file an answer or otherwise respond to the complaint. Failure to comply with this order may result in the imposition of sanctions, including entry of default and granting of default judgment, without further notice.

The court further ORDERS that the motion for default judgment filed by plaintiff on July 1, 2020, be, and is hereby, denied as moot.

SIGNED August 4, 2020.

JOHN McBRYDE
United States District Judge