

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TANGO MARINE, S.A., § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> ELEPHANT GROUP LIMITED, ET AL., § <br> § <br> Defendants. § <br> § <br> and § <br> § <br> HERITAGE AGRO-ALLIED FOODS § <br> INC., ET AL., § <br> § <br> Garnishees. § | NO. 4:20-CV-042-A |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, Elephant Group Limited and Elephant Group PLC, to set aside clerk's entry of default. The court, having considered the motion, the response of plaintiff, Tango Marine, S.A., the record, and applicable authorities, finds that the motion should be denied.

I.

### Background

This motion concerns the second entry of default against defendants in this action. The background of the first entry of default and its setting aside are described in the court's

memorandum opinion and order signed August 4, 2020. Doc.[1] 50. The court set a deadline of August 18, 2020, by which defendants were required to answer or otherwise respond to plaintiff's complaint. Id. at 8.

On August 18, 2020, defendants filed a document titled "Defendants' Rule 12(b) Motions to Dismiss." Doc. 52. In it, defendants urged that the court lacked subject matter jurisdiction and personal jurisdiction and that plaintiff had failed to state a claim upon which relief could be granted and had failed to join an indispensable party under Rule 19. In response, plaintiff filed an amended complaint. Doc. 57. Confusingly, it also filed a response opposing the motion to dismiss. Doc. 58. There was, of course, no reason to file that document because the amended pleading made moot the motion to dismiss.[2] Defendants then filed a reply to the response. Doc. 61. They did not, however, file an answer or a motion to dismiss the amended complaint.

On September 24, 2020, plaintiff filed a request for the clerk to enter default against defendants. Doc. 62. Defendants filed a response and objection to the request. Doc. 63. However, default was entered on September 24, 2020. Doc. 64. It was not

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.
[2] The response nevertheless explicitly set forth why the court had jurisdiction over the action and why the amended complaint stated claims against defendants. Doc. 58.

until a month later, on October 23, 2020, that defendants filed their motion to set aside the clerk's entry of default. Doc. 65. Plaintiff has responded. Doc. 66. And, defendants have filed their reply. Doc. 67.

II.

Applicable Legal Standards

The applicable legal standards are set forth in the August 4, 2020 memorandum opinion and order. Doc. 50 at 3-4. The court notes, however, that the description in the memorandum opinion and order of defendants' burden as to showing a meritorious defense was incorrectly stated so as to imply that mere allegations would suffice. In Jenkens & Gilchrist v. Groia & Co., the Fifth Circuit made clear that the burden is not merely to make allegations, but to make a "clear and specific showing . . . by [a] definite recitation of facts" that the defendant has a valid defense. 542 F.3d 114, 122 (5th Cir. 2008). That is, the "defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Id. (citations omitted).

3

III.

Analysis

The first issue is whether defendant's failure to answer or file a motion to dismiss the amended complaint was willful. Flexible Innovations Ltd. V. IdeaMax, No. 4:12-CV-856-A, 2013 WL 1291766, at (4 (N.D. Tex. Mar. 29, 2013) (burden is on defendants to show their actions were not intentional). The court can reach no other conclusion but that it was. Defendants admit that they chose not to answer or file a motion to dismiss because "Elephant Group did not want to burden the Honorable Court with a duplicative set of pleadings nor cause any confusion." Doc. 65 at 2. Yet that is exactly what they did.

Pursuant to Local Civil Rule LR 5.1(c) of the Local Civil Rules of the United States District Court for the Northern District of Texas, a document containing more than one pleading, motion, or other paper must clearly identify each in its title. Although defendants' reply contained references to the amended complaint, the title to the document did not inform the court that defendants were seeking to have the amended complaint dismissed. In fact, the court had no reason to consider the reply, because, as stated, the motion to dismiss was moot by the filing of the amended complaint. And, even when plaintiff filed a second motion for entry of default, defendants failed to file

an answer or a motion to dismiss the amended complaint. Rather, they contended that they had filed a "responsive pleading," Doc. 63 at 1, which, of course, they had not. Fed. R. Civ. P. 7(a) (listing "pleadings"). The fact that default was entered after the responsive filing should have informed defendants that they needed to take action immediately. Instead, they waited a month before filing their motion to set aside clerk's entry of default. Doc. 65.

The willfulness of the default ends the inquiry. Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir. 1992). Even if it did not, however, defendants have not shown that they have meritorious defenses to the amended complaint. See Jenkens & Gilchrist, 542 F.3d 114, 121-22 (5th Cir. 2008) (defendant must make a clear and specific showing by a definite recitation of facts that it has a valid defense). At most they have given the court descriptions of what they contend are meritorious defenses. Flexible Innovations, 2013 WL 1291766, at *5. The only evidence submitted by defendants is an affidavit stating that defendant Elephant Group PLC did not execute a contract with plaintiff and that it has no property in this district. Doc. 52, Ex. 1. They have not established a complete defense as contemplated by Jenkens & Gilchrist.

IV.

Order

The court ORDERS that defendants' motion to set aside clerk's entry of default be, and is hereby, denied.

The court further ORDERS that by December 4, 2020, plaintiff file an appropriate motion for default judgment.

SIGNED November 24, 2020.

_____
JOHN McBRYDE
United States District Judge

6